IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Jerome Cochrane, #80634, )<br>                   Petitioner, )<br>)<br>       vs. )<br>)<br>Stan Burtt, Warden; and Attorney )<br>General of the State of South Carolina, )<br>)<br>          Respondents. )<br>_____ ) | Civil Action No. 6:06-0325-GRA-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

## FACTS PRESENTED

The record reflects that the petitioner is currently confined in the Perry Correctional Institution of the South Carolina Department of Corrections pursuant to commitment orders from the Charleston County Clerk of Court. The Charleston County grand jury indicted him at the December 1974 term of court for murder (74-GS-10-1327). He was represented by William L. Runyon, court appointed counsel. On March 1, 1976, the petitioner pleaded guilty to murder. He was sentenced by the Honorable Clarence E. Singletary to confinement for a period of life. The petitioner did not appeal his guilty pleas or sentence.

On October 13, 1992, the petitioner filed an application for post-conviction relief (PCR), in which he raised the following grounds for relief:

(1)    Not informed of right to appeal.

(2)    Guilty plea was not voluntary.

(3)    Ineffective assistance of counsel.

The respondent made its return on December 14, 1992.   The Honorable Ellis B. Drew, Jr., held an evidentiary hearing into the matter on October 14, 1993, at the Charleston County Courthouse.  The petitioner was present at the hearing and represented by attorney Miles Weiss.  The respondent was represented by Carl W. Stent of the Attorney General's Office. The petitioner testified on his own behalf at the hearing.  Trial counsel, Bill Runyon, testified on behalf of the State.  Judge Drew denied relief and dismissed the 1992 application with prejudice in an order of dismissal filed on December 29, 1993.

A timely notice of intent to appeal was served and filed.  On April 19, 1994, Assistant Appellate Defender Lisa T. Gregory filed a *Johnson*[1] petition for writ of certiorari on the petitioner's behalf in the South Carolina Supreme Court and moved to be relieved as counsel.  The only question presented for the court's review was stated as follows:

> Whether the lower court erred in finding that petitioner's guilty plea was voluntarily entered.

On November 3, 1994, the South Carolina Supreme Court filed an unpublished order in which it denied certiorari and granted counsel's request to be removed.  The remittitur was sent to the lower court on November 21, 1994.  On January 23, 1998, the petitioner filed a second PCR Application (98-CP-10-331).  He raised the following grounds for relief in his 1998 application:

> Applicant alleges that the South Carolina Department of Corrections, ... has been bringing him before the parole board

---

[1] *Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201 (1988).

2

at two (2) year intervals, instead of one year intervals as provided.

The respondent filed a return and motion to dismiss on July 31, 1998. The respondent argued that the 1998 application was both successive and untimely under the one-year statute of limitations in S.C. Code Ann. §17-27-45(A) (Supp. 2002).

The Honorable Paul E. Short held a hearing into the matter on June 2, 1999, at the Charleston County Courthouse. The petitioner was present in court, and attorney Rob Anderson represented him. Matthew M. McGuire of the South Carolina Attorney General's Office, represented the respondent. Upon calling the hearing, the respondent moved to dismiss the case as successive. No testimony was presented; however, Judge Short heard arguments from both sides. After hearing the arguments, Judge Short granted the respondent's motion and dismissed the application in an order filed on October 27, 1999. The petitioner did not appeal this order.

On August 14, 2000, however, the petitioner filed a third PCR application (00-CP-10-4062). He raised the following allegations in his 2000 application:

(1)    Ex Post Facto Violation - challenging the frequency of parole hearings.

(2)    Breach of plea.

The respondent filed a return and motion to dismiss on April 12, 2001, again asserting that the 2000 application was successive and untimely. Attorney Tammie Hoffman was subsequently appointed to represent the petitioner. The Honorable R. Markley Dennis, Jr., held a hearing into the matter on September 27, 2001. The petitioner was present at the hearing and was represented by Ms. Hoffman. Assistant Deputy Attorney General Donald J. Zelenka represented the respondent. At the outset of the hearing, the court was advised of the petitioner's decision to allow the dismissal under the doctrine of *Al-Shabazz v. State*, 338 S.C. 354, 527 S.E.2d 742 (2000) (PCR is a proper remedy only when the

3

petitioner mounts a collateral challenge on his conviction or sentence as authorized by statute).[2]  On December 13, 2001, Judge Dennis signed an order of dismissal under *Al-Shabazz*.  The petitioner did not appeal this order.

On January 15, 2003, the petitioner filed his fourth PCR application (03-CP-10-211), in which he raised the following ground for relief:

> (1)    Applicant was denied effective assistance of Post-Conviction counsel inasmuch that counsel failed to inform the Applicant of his right of review of his denial of his first PCR Application and failed to seek a timely review on his own accord of any meritorious issues.

On March 25, 2003, he filed an amended application, raising the claims that:

> (1)    the trial court lacked subject matter jurisdiction because he was sixteen years old at the time of his arraignment and indictment, and this violated "state statute, equal protection of the law and substantive due process;
>
> (2)    the trial court lacked subject matter jurisdiction because there was no hearing in family court waiving jurisdiction;
>
> (3)    the South Carolina Department of Probation, Parole and Pardon Services arbitrarily denied him annual parole review by retroactively his parole reviews from annual to biannual reviews, increasing the quantum of punishment, constituting an *ex post facto* violation; and
>
> (4)    ineffective assistance of counsel based on "counsel's accumulation of errors.

However, on September 23, 2003, he submitted yet another series of amendments to the 2003 application.  These amendments are as follows:

> iii.    The Applicant entered into a "Legal Contract" with the State of South Carolina March 1, 1976, where he would enter a Plea to Murder and he would receive life, with a 10 Yr. Parole

_____

[2]In *Al-Shabazz*, the South Carolina Supreme Court held that if an inmate raises a claim which does not involve a collateral attack on a conviction or sentence, then the state Administrative Procedures Act applies. In cases that had already been filed prior to *Al-Shabazz*, unlike the petitioner's, the courts remanded the matter to the appropriate correctional agency to allow it to make a final decision on the claim under the A.P.A. Here, the application was filed after the *Al-Shabazz* decision where the court stated that a PCR action lacked subject matter jurisdiction to address the claims.

4

Date, and be reviewed for Parole EVERY YEAR there after, this "Legal Contract" was effected thru a Plea Bargain In South Carolina Jurisprudence Plea Bargains are governed by principles of Contract Law.

A    Plea Agreement rests on <u>CONTRACTUAL PRINCIPLES</u> and each party should receive the benefit of their Bargain <u>Thrift v. State</u> 440 SE2d 341 (1994) A Guilty Plea which is based on a Plea Bargain which is not fulfilled can not stand. <u>Clark v. State OP</u>. 24398 3/25/96 (Published Opinion)

Since, the Parole Review of Applicant Commenced in 1985 the Applicant has Never been Reviewed every Year by the Parole, as was Part and Parcel the Contract made in regards to the Plea.

2.    After the <u>Waiver</u> Hearing that was allegedly held, the Applicant was taken into Court on

(A) <u>INDICTMENT that did not contain the Necessary Elements of Murder as it Alleged no Malice afore thought</u>,

(B) <u>And was not True Billed by the Grand Jury</u>

(C) <u>And the Indictment was obtained thru means of Trickery and deception of the Solicitor. By a Grand Jury that was not composed of (18) members</u>,

(D) <u>By members of a Grand Jury that was not Legally Seated or</u>

(E) <u>Qualified by Judge in open Court</u>.

3.    <u>More Cogently, the State Can not produce Court Certified Documents to show that a Legal Indictment even existed to give the Court of General Sessions Jurisdiction of the Person or the Subject Matter of the cause of Action brought by the State on the charge of Murder</u>.

The respondent filed a return and motion to dismiss on December 4, 2003.  The Honorable Roger M. Young held a hearing on the motion to dismiss on December 19, 2003.  The

petitioner was present at the hearing and represented by attorney Edward L. Phipps. Senior Assistant Attorney General William Edgar Salter, III, represented the respondent.

In an order of dismissal filed on January 30, 2004, Judge Young granted the respondent's motion to dismiss. He summarily dismissed all allegations, except the three claims of alleged lack of subject matter jurisdiction, because the 2003 application was successive to the petitioner's three previous applications and because it was barred by the statute of limitations. He found that the three claims of alleged subject matter lacked merit. On March 3, 2004, he filed an order amending paragraph four of page two of the order of dismissal to reflect that Judge Drew did not have a copy of the guilty plea transcript or the Clerk of Court's records. A timely notice of appeal was served and filed.

Assistant Appellate Defender Eleanor Duffy Cleary of the South Carolina Office of Appellate Defense represented the petitioner in collateral appellate proceedings. On October 29, 2004, Ms. Cleary filed a petition for writ of certiorari on the petitioner's behalf. There was only one Issue presented in the petition:

> Did the court of general sessions lack subject matter jurisdiction to accept petitioner's guilty plea where the family court did not transfer jurisdiction since it did not follow the procedures required by statute and case law?

The respondents filed the return to petition for writ of certiorari on December 13, 2004. The South Carolina Supreme Court filed an order on January 19, 2006, in which it denied certiorari and granted counsel's petition to be relieved and sent the remittitur to the Lexington County Clerk of Court on February 8, 2006.

In his petition now before this court, the petitioner raises the following ground for relief:

> **Ground One:** Conviction obtained by unlawful transfer of fourteen year old Petitioner's case from Family Court to General Sessions Court ...

6

**Supporting Facts:** There were no proba[b]le cause established for the transfer. The record demonstrated petitioner didn't participate in act of murder committed by adult in petitioner's presence. The Court never sufficiently or adequately state reason for transfer or waiver ...

**Ground Two:** Wether the Fourteen year old petitioner being in presence of crime showed "accomplice liability" of crime committed by adult.

**Supporting Facts:** ... the adult with whom petitioner was with killed victim, while petitioner merely stood there. Petitioner never participated in the act.

**Ground Three:** Conviction obtained by admissibility of alleged statement by "mental[l]y retarded" fourteen year old petitioner.

**Supporting Facts:** The fourteen year old petitioner at time of crime or arrest was taken to police station where he was allegedly questioned as to whether or not he understood his rights. The detective in the case admitted petitioner didn't commit the crime ...

**Ground Four:** Whether conviction was obtained by violation of petitioner's Fourteenth Amendment Rights to Due Process.

**Supporting Facts:** The petitioner was as a juvenile placed in the backseat of police vehicle with adult murderer for polygraph examination ...

**Ground Five:** Whether the state violated Fourteen year old petitioner's Fifth and Fourteenth Amendment Rights to Due Process when threatening him with Death by the electric chair.

**Supporting Facts:** The ... petitioner was threatened with electrocution. Police told him should he not sign a statement "typewritten" and allegedly signed by him outside presence of his mother. ...

**Ground Six:** Conviction obtained as a result of ineffective assistance of counsel.

**Supporting Facts:** ... Petitioner's lawyer informed him he had no chance bu to get the death penalty if he didn't plead to life imprisonment.

**Ground Seven:** ... Plea at time was not knowingly given with consequences of plea.

7

**Supporting Facts:** Petitioner's counsel ... admitted that Petitioner was mentally regarded and had the I.Q. of a seven year old ... and thereby could not ... understand the plea he was entering ...

**Ground Eight:** Conviction obtained by use of evidence obtained pursuant to unlawful arrest.

**Supporting Facts:** The evidence the State used to gain conviction was an involuntary statement pre-prepared by police. ...

**Ground Nine:** Conviction obtained by violation of Petitioner's Fourteenth Amendment Rights to Due Process of Law and Equal Protection.

**Supporting Facts:** The detectives or police involved in the initial state of interrogation onward questioned ... Petitioner ... taking him for polygraph testing along with adult codefendant in back of police vehicle ...

**Ground Ten:** Whether the withholding ... of Petitioner's 1974 and 1976 Court Records regarding Subject Matter Jurisdiction when his case was transferred from Family Court to Court of General Sessions violated Petitioner's 14th Amendment Right to Due Process of Law.

The respondents filed a motion for summary judgment on May 9, 2006. By order filed May 10, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The petitioner filed his response in opposition to the motion on June 8, 2006.

## APPLICABLE LAW

Title 28, United States Code, Section 2254(d) and (e), provides in pertinent part as follows:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was

8

adjudicated on the merits in State court proceedings unless the adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

(e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Title 28, U.S.C., Section 2244(d) provides:

(1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## ANALYSIS

The respondents first argue that the petition is untimely under the one-year statutory deadline set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The petitioner pleaded guilty on March 1, 1976. The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A). The petitioner had 10 days following his sentencing in which to serve a notice of appeal, S.C.A.C.R. 203(b)(2),[3] which he did not do. Therefore, his convictions became final on March 11, 1976. Clearly, the petitioner's conviction became final prior to the enactment of the AEDPA and, thus, the limitations period would begin to run with the AEDPA's effective date, April 24, 1996. *See Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000).

---

[3]Rule 203. Notice of Appeal
   (a) Notice. A party intending to appeal must serve and file a notice of appeal and otherwise comply with these Rules. Service and filing are defined by Rule 233.
   (b) Time for service.
   (1) Appeals From the Court of Common Pleas. A notice of appeal shall be served on all respondents within thirty (30) days after receipt of written notice of entry of the order or judgment. When a timely motion for judgment n.o.v. (Rule 50, SCRCP), motion to alter or amend the judgment (Rules 52 and 59, SCRCP), or a motion for a new trial (Rule 59, SCRCP) has been made, the time for appeal for all parties shall be stayed and shall run from receipt of written notice of entry of the order granting or denying such motion. When a form or other short order or judgment indicates that a more full and complete order or judgment is to follow, a party need not appeal until receipt of written notice of entry of the more complete order or judgment.
   (2) Appeals From the Court of General Sessions. After a plea or trial resulting in conviction or a proceeding resulting in revocation of probation, a notice of appeal shall be served on all respondents within ten (10) days after the sentence is imposed.
S.C.A.C.R. 203(b).

Accordingly, the limitations period expired on April 24, 1997, unless the period was at any time tolled for any properly filed state PCR application. 28 U.S.C. §2244(d)(2).

The petitioner filed his first application for PCR on October 13, 1992 ("the 1992 PCR"). On November 3, 1994, the South Carolina Supreme Court filed an unpublished order denying certiorari and granting counsel's request to be removed (App. 68). Proceedings on that application became final when the state supreme court sent the remittitur to the lower court on November 21, 1994 (App. 69).

On January 23, 1998, the petitioner filed a second PCR application ("the 1998 PCR") (App. 70-76). In his order dated October 27, 1999, Judge Short granted the respondent's motion to dismiss and summarily dismissed the application as successive and time barred under the statute of limitations for state PCR filings (App. 82-87). The petitioner did not appeal from this order. The petitioner is not entitled to tolling for the 1998 PCR as it was not "properly filed" within the meaning of the statutory tolling provision of the AEDPA. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("For these reasons, we hold that time limits, no matter their form, are 'filing' conditions. Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2).'").

On August 14, 2000, the petitioner filed a third PCR application ("the 2000 PCR") (App. 88-105). Assuming this PCR application was properly filed, it was filed four years, three months, and 21 days after the effective date of the AEDPA. The PCR was dismissed on December 13, 2001, and the petitioner had 30 days to perfect an appeal, which he did not do. Proceedings on the 2000 PCR concluded 30 days after December 18, 2001, the date the order was served upon the petitioner and his collateral counsel (App. 112-14). *See* SCACR 203(b)(1).

On January 15, 2003, the petitioner filed his fourth PCR application ("the 2003 PCR"). This was another year after the conclusion of the 2000 PCR and over five years

11

days after the effective date of the AEDPA, even with applicable tolling. The proceedings on the 2003 PCR concluded when the state supreme court sent the remittitur to the Lexington County Clerk of Court on February 8, 2006.

The *Houston v. Lack*, 487 U.S. 266 (1987), delivery date of the instant petition is January 24, 2006. The 1992 PCR was filed prior to the effective date of the AEDPA. The first PCR application the petitioner filed after the effective date of the AEDPA was the 1998 application, which not properly filed and was filed nine months *after* the limitations period had run. Over five years of non-tolled time ran between the effective date of the AEDPA and the filing of the federal petition (considering tolling for the 2000 and 2003 PCRs). Even if the 1998 PCR was considered properly filed, over three years of non-tolled time would have run between the effective date of the AEDPA and the filing of the federal petition. Accordingly, the petition is barred by the statute of limitations in Section 2244(d)(1)(A).

## **CONCLUSION AND RECOMMENDATION**

As the federal petition is at least three years late and being "mindful that Congress enacted §2244(d) 'with the ... purpose of curbing the abuse of the statutory writ of habeas corpus,'" *Allen v. Mitchell*, 276 F.3d 183, 186 (4th Cir. 2001) (quoting *Crawley v. Catoe*, 257 F.3d 395, 400 (4th Cir. 2001)), this court concludes that the petition in this case was untimely filed, even when properly tolled.[4] Wherefore, based upon the foregoing, it is recommended that the petition for habeas corpus relief be denied and that the respondents' motion for summary judgment be granted.[5] *See Rouse v. Lee*, 339 F.3d 238, 257 (4th Cir.

---

[4]The recent decision of the Fourth Circuit Court of Appeals in *Frasch v. Peguese*, 414 F.3d 518 (4th Cir. 2005), is inapposite on the facts.

[5]As this court has recommended dismissal based on statute of limitations, the respondents' other grounds for dismissal will not be addressed.

2003), *cert. denied*, 541 U.S. 905 (2004) (affirming dismissal of petition filed one day late).

Any pending nondispositive motions will be held in abeyance pending the district court's

disposition of the motion for summary judgment.  Should the district judge adopt this court's

recommendation, these motions will be rendered moot.


_____

WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

December 12, 2006

Greenville, South Carolina

13