UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Jerome Cochrane, #80634 | |
| Petitioner, | C/A No. 6:06-325-GRA-WMC |
| v. | |
| Stan Burtt, Warden; and Attorney General of the State of South Carolina, | ORDER |
| Respondents. | (Written Opinion) |

This matter is before the Court for a review of the magistrate's Report and Recommendation filed on December 12, 2006, and made in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02(B)(2), D.S.C.  Petitioner brought this suit pursuant to 28 U.S.C. § 2254.  The magistrate recommends granting summary judgment in favor of respondents and dismissing the habeas petition because it was not timely filed under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Petitioner requested an extension of time to file objections to the Report and Recommendation, and the Court granted petitioner until March 8, 2007 to file objections.

Petitioner brings this claim *pro se*.  This Court is required to construe *pro se* pleadings liberally.  Such pleadings are held to a less stringent standard than those drafted by attorneys.  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim.  *Boag v. MacDougall*, 454 U.S.

1

364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*.

In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Petitioner timely filed objections to the Report and Recommendation on March 7, 2007.

Petitioner argues that the Court should look beyond the "procedural rule relied on by the Magistrate Judge" and instead focus on "the actual injust that has been over looked continuously year after year throughout Petitioner's entire judicial process." 28 U.S.C. § 2244 mandates a one-year statute of limitations on *habeas* petitions. This time period begins to run from the latest of:

(1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(2) the date on which the impediment to filing an application created by State

2

action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The time during which a properly filed application for State post-conviction or other collateral review is pending does not count toward the period of limitation.  28 U.S.C. § 2244(d).

The one-year statute of limitations is subject to equitable tolling in appropriate exceptional circumstances. *Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616 (3rd Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998).  Petitioner argues that during his postconviction relief proceedings in 1993, the government did not produce the full lower court record of the waiver hearing or the transfer order. Therefore, petitioner claims he was "unaware of the contents of the concealed record, through no fault of his own."

The limitations period is not equitably tolled by a prisoner's inability to obtain a complete transcript.  *Gassler v. Bruton*, 255 F.3d 492 (8th Cir. 2001); *Lloyd v. Vannatta*, 296 F.3d 630 (7th Cir. 2002).  For example, in *Lloyd*, the Court concluded that the statute of limitations was not equitably tolled because the petitioner was

3

"present at his trial and knew the basis on which he could have asserted prosecutorial misconduct; under these circumstances, a petitioner does not need a transcript to proceed with filing a habeas corpus petition." *Id.* at 633-634. In the case *sub judice*, the petitioner was present at the transfer hearing and thus knew the factual basis for his *habeas* petition without having a full transcript of the proceedings. Therefore, the Court finds that the circumstances petitioner describes are not sufficiently exceptional to merit equitable tolling of the statute of limitations.

Petitioner objects that his counsel lied during his postconviction relief hearing and that the complete transcript would have disclosed this. Again, absence of a complete transcript is not sufficient to equitably toll the statute of limitations, especially where, as here, petitioner was present at the proceeding and knew the grounds for his *habeas* petition. Furthermore, the transcript does not stand for petitioner's proposition. At the waiver hearing, counsel for the petitioner stated that the murder charge "could conceivably lead to this young man being placed in the death house." *Petitioner's Exhibit BB.* This is quite different from what petitioner claims – that the prosecution threatened him with the death penalty in order to coerce a guilty plea. Petitioner's counsel was merely recognizing the reality that a murder conviction could result in a death sentence, and not that the prosecution coerced the petitioner's guilty plea in any way.

Petitioner makes a number of arguments related to why he failed to develop a factual basis for his claim in the state court proceedings. However, the magistrate did

4

not reach that issue in his Report and Recommendation; rather, he recommended dismissal of the petition solely because it was beyond the statute of limitations set forth in 28 U.S.C. § 2244.  Therefore, this Court need not respond to petitioner's arguments that do not address the statute of limitations issue.

After a review of the magistrate's Report and Recommendation, this Court finds the report is based upon the proper law.  Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that respondents' motion for summary judgment be GRANTED and this action be DISMISSED.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

March 26, 2007

Anderson, South Carolina

5

<u>NOTICE OF RIGHT TO APPEAL</u>

Petitioner is hereby notified that he has the right to appeal this Order within thirty (30) days from the date the judgment of this Order is entered, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.